GAROFANO CONSTRUCTION CO., INC., Plaintiff, *v.* LUMBER MUTUAL CASUALTY INSURANCE COMPANY OF NEW YORK, Defendant.

City Court of New York, New York County, January 15, 1941.

*Mesard & Mesard* [*Harry Mesard* of counsel], for the plaintiff.

*McDevitt & Stricker* [*Herbert A. McDevitt* of counsel], for the defendant.

SCHIMMEL, J. This is an action against a mutual insurance company to recover a so-called dividend. The by-laws of the defendant, which had issued to the plaintiff a standard workmen's compensation and employers' liability policy of insurance, contain the following provisions:

" Each member of this company holding a policy expiring, by cancellation or otherwise, during any expiration period designated by the directors for dividend payment purposes and who has been a member of this company for a continuous period of twelve months or longer next preceding the date of such expiration of such policy, shall be entitled to an equitable participation in the surplus funds of the company to the extent distribution authorized by the directors and approved by the Superintendent of Insurance.

" The same participation in the surplus fund as described above shall be given to those Policy holders who have not been members of this company for a continuous period of twelve months, as hereinabove set forth, as to policies, which are cancelled by the company for any reason other than the non-payment of premium during any expiration period designated by the directors for dividend payment purposes."

The policy bore an indorsement whereby the insured was required to pay an advance premium of $500, which was paid. It also provided for quarterly premium adjustments based upon payroll audits.

The first payroll audit covered the period from January 11, 1938, to April 11, 1938, the date the policy took effect. On May 16, 1938, defendant mailed to plaintiff an invoice indicating a total earned premium of $2,263.76. At the same time the defendant changed the policy from a quarterly to a monthly basis and demanded an increase in the advance premium from $500 to $1,500; that is to say, it called for an additional $1,000. The plaintiff paid the earned premium of $2,263.76, but failed to furnish the

additional advance premium of $1,000. Thereupon defendant sent to plaintiff the following notice dated May 27, 1938:

" Herewith notice of cancellation of policy US-38318 effective 12:01 A. M. June 7, 1938.

" The reasons for this cancellation are that your payroll records are not satisfactory to our Audit Department and non-payment of the premium."

The first question to be considered is whether non-payment of the advance premium constitutes ground for depriving plaintiff of participation in the surplus funds. Does the provision of the by-laws of the company depriving members of participation in cases in which policies are canceled for " non-payment of premium " apply to the cancellation of a policy for non-payment of an advance premium? It will be assumed that the company was entirely within its rights in demanding the additional advance premium. The facts established by the affidavits so indicate. The plaintiff could not properly refuse to furnish the advance premium. If it felt aggrieved it should have applied for relief to .the Superintendent of Insurance in accordance with the applicable provisions of the Insurance Law. It seems to me that in view of the actual payroll expenditures of the plaintiff, and under the provisions of the New York Manual of Rules, Classifications and Rates for Workmen's Compensation and Employers' Liability Insurance, the company was entitled to hold at least $1,500 advance premium and that an appeal by the insured against the demand for such premium would have been unsuccessful.

However, when the policy was written the company had asked for only $500. The insured had a choice between complying with the subsequent demand for a larger advance premium and submitting to cancellation of the policy. An advance premium is not really a premium at all. It is a deposit against premiums. It is security to insure the payment of premiums thereafter to become due  This policy was not canceled for non-payment of a premium already due and, therefore, the cancellation did not, under the above-quoted provisions of the by-laws of the company, work a forfeiture of the plaintiff's light to participation in surplus funds.

A further question remains. It appears that the insured, this plaintiff, failed to keep correct books and records, as it was required to do, and that its payroll expenditures were considerably more than shown by those books and records. Actually, when the policy was canceled by the notice of May 27, 1938, the earned premium, if it were correctly computed, was considerably in excess of $2,263.76. But at the time of the cancellation the defendant had not yet ascertained, at least definitely, that the books and records of the

insured were incorrect. After the policy was canceled the defendant conducted further investigations which resulted in a demand for an additional premium payment. Finally, upon the institution of a suit by defendant against plaintiff, the latter paid to defendant as an earned premium the further sum of $2,247.03. It thus appears that the policy might have been canceled not only for non-payment of a requested advance premium but also for non-payment of a premium already earned. But it was not canceled for any reason other than the non-payment of the advance premium. Neither at the time of the cancellation nor at any time prior thereto had the company demanded any earned premium other than $2,263.76, which was promptly paid by plaintiff prior to the service of notice of cancellation. The case is not altered by the fact that the failure of defendant to demand a larger sum as an earned premium was due to plaintiff's concealment of payroll expenditures. It remains true that the policy was not canceled for non-payment of an earned premium.

I, therefore, find that under the applicable provisions of defendant's by-laws, plaintiff is entitled to a proportionate equitable participation in the surplus funds of the defendant to the extent of the distribution authorized by the directors, approved by the Superintendent of Insurance, and received by other members of the company. This result is not unfair notwithstanding the fact that the plaintiff obviously dealt unfairly with the defendant. The declaration of a dividend payable to members of a mutual insurance company is tantamount to an adjustment of premium rates to conform to the earnings and reserve funds of the company. The premium paid by a member less the amount returned to him as a dividend represents the actual net premium. To require of plaintiff more than this net premium is the imposition upon it of a penalty, the forfeiture of a right. The by-laws provide for this result only in the case of cancellation for " non-payment of premium," which I construe to mean earned premium. There was no cancellation, in this case, for that cause.

Plaintiff has paid to defendant the total sum of $5,010.79. The dividend basis is twenty per cent. Plaintiff is, therefore, entitled to receive $1,002.16.

The motion for summary judgment is granted. Judgment may be entered in favor of the plaintiff and against the defendant in the sum of $1,002.16, with interest from June 7, 1938.